# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONIFACIO BAUTISTA-PABLO, Petitioner, v. FERETI SEMAIA, et al., Respondents. | Case No. 5:26-cv-06015-MBK<br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Bonifacio Bautista-Pablo, a citizen of Mexico, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Mr. Bautista-Pablo most recently entered the United States in or about 2001 and has resided in Oxnard, California, ever since. Mr. Bautista-Pablo has three United States citizen children with his common-law wife. He has worked in horticulture since his arrival and for the past twelve years has run his own gardening business. He and his family have lived at the same address in Oxnard since at least 2014.

On October 6, 2026, Mr. Bautista-Pablo was arrested by state law enforcement and charged with two counts of driving under the influence. The

charges are still pending. On October 7, 2026, Immigration and Customs Enforcement ("ICE") officials were conducting targeted at-large operations and found Mr. Bautista-Pablo was scheduled to be released from the Ventura County jail. Upon his release, ICE officials arrested Mr. Bautista-Pablo and transported him to the Adelanto Detention Facility, where he remains today.

Mr. Bautista-Pablo filed the instant habeas action on October 12, 2026. He argues Respondents violated his procedural due process rights by arresting him without notice and a pre-detention hearing and violated his substantive due process rights by depriving him of his liberty without any legitimate purpose. Mr. Bautista-Pablo requests immediate release.

Respondents filed their opposition on October 20, 2026. Respondents solely argue that (1) Mr. Bautista-Pablo appears to be entitled to request and receive an initial bond hearing and (2) Mr. Bautista-Pablo had not yet exhausted his administrative remedies. Respondents also attached Mr. Bautista-Pablo's Form I-200 (Warrant for Arrest of Alien), Form I-862 (Notice to Appear), and Form I-213 (Record of Deportable/Inadmissible Alien). Mr. Bautista-Pablo filed his reply the same day, reiterating he was arrested without any pre-deprivation process after his release from custody and arguing exhaustion was not required in his case. Mr. Bautista-Pablo again requests immediate release as the appropriate remedy.

For the following reasons, the Court concludes that Mr. Bautista-Pablo is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), but has not shown that he is entitled to release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Bonifacio Bautista-Pablo is a citizen of Mexico. Dkt. 1 at 3. After he attempted to enter the United States multiples times in October

2001, he was apprehended and was granted voluntary return. Dkt. 7-3 at 3. Petitioner later entered the United States without inspection and has remained here for the past twenty-five years. Dkt. 1 at 2.

Since his entry to the United States, Petitioner has built a life in Oxnard, California. Dkt. 1 at 3-4. Petitioner has three United States citizen children with his common-law wife. Dkt. 1 at 4. Petitioner has worked in horticulture since his arrival and has run his own gardening business for the past twelve years. *Id.* He and his family have lived at the same address since at least 2014. *Id.* Petitioner is the primary income source for his family and his family has been suffering in his absence. *Id.* In detention, Petitioner has become despondent and emotionally distressed. *Id.*

On October 6, 2026, Petitioner was arrested and detained by the Ventura County Sheriff's Department and the California Highway Patrol. Dkt. 7-3 at 3. He was charged with two counts of driving under the influence. *Id.* The charges are pending as of October 7, 2026. *Id.*

ICE found through publicly available databases that Petitioner was scheduled to be released from state custody on October 7, 2026. *Id.* at 2. ICE officers encountered Petitioner in the public lobby of the Ventura County jail located at 800 S. Victoria Ave., Ventura, California, and took him into custody.[1] *Id.*; Dkt. 1 at 4. DHS records indicate that Petitioner was not served with a warrant at the time of his arrest, but rather served sometime later the same day in Camarillo, California. Dkt. 1 at 4; Dkt. 7-1. DHS issued a Notice to Appear also on October 7, 2026, icharging Petitioner with being unlawfully present under INA § 212(a)(6)(A)(i). Dkt. 7-2. The Notice to Appear sets Petitioner's removal hearing for November 4, 2026, but Petitioner states he

[1] Petitioner reports he was arrested by ICE on October 6, 2026, while Respondents' DHS report indicates Petitioner was arrested by ICE on October 7, 2026. However, this inconsistency is immaterial to the Court's analysis.

has no hearings pending with the immigration court. Dkt. 1 at 4. A search in the Executive Office for Immigration Review's Automated Case Information service also does not show any future hearings.

Petitioner filed the instant habeas action on October 12, 2026. Dkt. 1. He argues Respondents violated his procedural due process rights by arresting him without notice and a pre-detention hearing and violated his substantive due process rights by depriving him of his liberty without any legitimate purpose. *Id.* at 28-29. He requests immediate release and an injunction preventing his re-detention unless "ordered at a custody hearing before a neutral arbiter within seven (7) days of the issuance of a writ of habeas corpus in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community." *Id.* at 29.

Respondents filed their response on October 20, 2026. Dkt. 7. Respondents argue that Petitioner appears to be entitled to an initial bond hearing under Section 1226(a), that the bond hearing is the only appropriate remedy, and that Petitioner has not yet exhausted his administrative remedies. *Id.* at 2-3.

Petitioner filed his reply also on October 20, 2026. Dkt. 8. Petitioner reiterates that he is detained in violation of his due process rights and that he is entitled to immediate release. *Id.* at 2. He additionally argues that administrative exhaustion is not required here because a post-deprivation bond hearing would not provide adequate relief, given Petitioner is

challenging the constitutionality of his detention on grounds of lack of pre-deprivation process. *Id.* at 3.

## II. DISCUSSION

The parties appear to agree that Petitioner is detained subject to Section 1226(a). Dkt. 7 at 2. The Court therefore begins by briefly reviewing the relevant custody procedures under the statute, before turning to the merits of Petitioner's claims.

### A. Detention under Section 1226(a)

Section 1226(a) "sets out the general rule" for "the arrest, detention, and release" of "aliens present in the country" "who are believed to be subject to removal." *Nielsen v. Preap*, 586 U.S. 392, 396 (2019). Under Section 1226(a) and its implementing regulations, a DHS officer may arrest and take into custody a noncitizen "under the authority of Form I–200, Warrant of Arrest" issued by certain designated supervisory officers. 8 C.F.R. § 236.1(b). The Government "may" detain such individuals "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

DHS officers also have the authority to conduct a warrantless arrest if there is probable cause to believe a person is subject to removal and "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). *See generally Tejeda-Mata v. INS*, 626 F.2d 721, 725 (9th Cir. 1980). Such individuals must be promptly brought before an examining officer to determine if the person is subject to removal, 8 C.F.R. § 287.3(a), and referred for a custody determination within "48 hours of the arrest" absent an emergency or other extraordinary circumstances. 8 C.F.R. at § 287.3(d).

Regardless whether the individual is arrested pursuant to a warrant or DHS's warrantless arrest authority, DHS officers conduct an initial custody

determination to decide whether to release or detain the person under Section 1226. 8 C.F.R. § 236.1(c)(8). Unless the person is subject to mandatory detention under Section 1226(c) based on their criminal history, DHS has "the discretion either to detain the alien or to release him on bond or parole." *Nielsen*, 586 U.S. at 396. The DHS officer must release the noncitizen if the noncitizen "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). DHS utilizes a Notice of Initial Custody Determination, Form I-286, to document its custody determinations. 8 C.F.R. § 236.1(g).

The Form I-286 includes "the formal mechanism—a box the detainee may check—to immediately request" that an Immigration Judge ("IJ") review DHS's custody determination at a custody redetermination hearing (i.e., a bond hearing). *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, an IJ will set a hearing in Immigration Court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19. "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). The noncitizen can "appeal an adverse decision to the BIA." *Id.* (citing 8 C.F.R. § 236.1(d)(3)).

**B. Petitioner Has Not Shown He is Entitled to Release, but the Record Indicates He Has Not Yet Received an Individualized Custody Determination**

Petitioner advances two claims in the Petition: (1) "Respondents have

deprived Petitioner of his liberty without procedural protections required by the Due Process Clause" and (2) "Respondents have deprived Petitioner of his liberty without any legitimate purpose in violation of his substantive due process rights under the Fifth Amendment." Dkt. 1 at 28-29. The Court addresses each claim in turn.

**i. Procedural due process**

Petitioner first argues Respondents were required to provide a pre-deprivation hearing before taking him into custody, under the procedural due process framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. 1 at 4-13.

This Court has found that immigration authorities violated due process by re-detaining a noncitizen without a pre-deprivation hearing. *See, e.g.*, *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-cv-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). However, in those cases, immigration authorities had released the noncitizen based on a determination that their detention was not necessary, only to later re-detain them without any material change in circumstances. The Court has applied the same reasoning to cases in which immigration authorities were aware of a noncitizen's presence in the United States, but permitted them to remain at liberty for years. *See Lyu v. Janecha*, No. 5:26-cv-05051-MBK, 2026 WL 2681631, at *3 (C.D. Cal. Sept. 13, 2026).

Here, Petitioner argues that "Respondents were well aware of Petitioner's presence," (Dkt. 1 at 10), but do not identify any prior contact with immigration authorities or otherwise explain how they were aware of his presence. As such, the Court finds that Petitioner's detention without a pre-

deprivation hearing did not violate due process.

**ii. Substantive due process**

Petitioner argues he was detained "in violation of his substantive due process rights because his detention is not reasonably related to any statutory purpose." Dkt. 1 at 13.

The Supreme Court has long recognized that due process requires that immigration detention bear a "'reasonable relation'" to a non-punitive purpose. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). There are two permissible non-punitive purposes for detention under the immigration laws: ensuring a noncitizen's appearance at removal proceedings or removal and preventing danger to the community. *Id.* at 690-92. As set forth above, Section 1226(a), and its implementing regulations, establish procedures to ensure that the Government only detains noncitizens where it advances these purposes, including an initial custody determination by ICE and a custody re-determination hearing before an IJ.

Here, the record does not indicate that ICE conducted an initial custody determination or that a bond hearing has been scheduled in Petitioner's case. The Court therefore concludes that Petitioner should be provided a bond hearing under 8 U.S.C. § 1226(a) to determine whether his detention is justified on danger or flight risk grounds. While Petitioner asks this Court to decide whether his detention is warranted, (Dkt. 1 at 26-27), the Court finds it appropriate that the Immigration Court conduct this determination in the first instance.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be

entered granting the Petition in part; (2) a writ of habeas corpus be issued requiring Petitioner Bonifacio Bautista-Pablo's (A# 246-062-594) release from Respondents' custody unless he is afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days;[2] and (3) that Respondents file a status report within ten (10) calendar days from the date of this order confirming compliance with the order.

Dated: October 21, 2026

/s/

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

[2] Nothing in this Order precludes Petitioner from seeking a continuance to prepare for the bond hearing or for any other legitimate reason.